# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. BELLWOODE LLC, an Oklahoma Limited, Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-16-767-D ) |
| 1. COVINGTON SPECIALTY INSURANCE COMPANY, A Foreign For Profit Insurance Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

### A. Parties

1. Plaintiff, Bellwoode LLC, is an Oklahoma limited liability company wholly owned by its members, Abdollah Seyed Malakouti and Semira Mirzaie. Bellwoode LLC's places of business are all within the State of Oklahoma. The members, Abdollah Seyed Malakouti and Semira Mirzaie, are each citizens of the State of Oklahoma.

2. Defendant, Covington Specialty Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of New Hampshire.

3. The principal place of business for Defendant, Covington Specialty Insurance Company, is Atlanta, Georgia.

4. The Defendant, Covington Specialty Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance, as well as its agent for service listed in the applicable insurance policy.

5. This action is not related to any other case filed in this Court.

## B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, Bellwoode LLC, owned commercial properties located at 3400 Bart Conner Drive in Norman, Oklahoma and 3531 MacDonnell Drive in Norman, Oklahoma.

8. On or about May 8, 2015, Plaintiff's commercial properties located at 3400 Bart Conner Drive in Norman, Oklahoma and 3531 MacDonnell Drive in Norman, Oklahoma were damaged as a result of a hail storm.

9. At all times material hereto, the Plaintiff, Bellwoode LLC, was insured under the terms and conditions of an insurance policy, policy number VBA344737, issued by the Defendant, Covington Specialty Insurance Company.

10. At all times material hereto, Plaintiff, Bellwoode LLC, complied with the

terms and conditions of its insurance policy.

11. Hail damage is a covered peril not otherwise limited or excluded pursuant to the terms and conditions of the policy issued by the Defendant.

### **D. Count I Breach of Contract**

12. Plaintiff, Bellwoode LLC, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13. The property insurance policy No.VBA344737, issued by Defendant, Covington Specialty Insurance Company, was in effect on May 8, 2015.

14. The acts and omissions of Defendant, Covington Specialty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought. Defendant unreasonably breached its contract with the Plaintiff by failing to pay for covered damages to Plaintiff's property, including the hail damaged metal roofing surfaces of Plaintiff's buildings.

15. Defendant breached its contract with Plaintiff and acted unreasonably by forcing Plaintiff to sign a release in order to receive policy benefits that were clearly owed. Defendant unreasonably refused to issue payment to Plaintiff on the claim unless Plaintiff's representatives signed a release of all claims. Defendant's claims adjuster told Plaintiff that Defendant would not issue any further payment without Plaintiff signing a release. Defendant violated the Oklahoma Unfair Claims

Settlement Practices Act by forcing Plaintiff to execute a release in order to receive its policy benefits. *Okla. Stat. tit. 36 Sec. 1250.5 Acts by an Insurer Constituting an Unfair Claim Settlement Practice*. Further, Defendant breached its contract and acted unreasonably by failing to adequately adjust and indemnify Plaintiff's hail damages, omitting covered items which were damaged by hail, and improperly forcing Plaintiff to conclude the claim with a release. Defendant's conduct amounts to a breach of the contract and bad faith.

### E. Count II Bad Faith

16. Plaintiff, Bellwoode LLC, hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, Covington Specialty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant acted in bad faith by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiff's commercial properties. Defendant unreasonably breached its contract with Plaintiff by failing to pay for covered damages to Plaintiff's property, including the hail damaged metal roofing surfaces of Plaintiff's buildings.

18. Defendant breached its contract with Plaintiff and acted unreasonably and in bad faith by forcing Plaintiff to sign a release in order to receive policy benefits that

were clearly owed. Defendant unreasonably refused to issue payment to Plaintiff on the claim unless Plaintiff's representatives signed a release of all claims. Defendant's claims adjuster told Plaintiff that Defendant would not issue any further payment without Plaintiff signing a release. Defendant violated the Oklahoma Unfair Claims Settlement Practices Act by forcing Plaintiff to execute a release in order to receive its policy benefits. *Okla. Stat. tit. 36 Sec. 1250.5 Acts by an Insurer Constituting an Unfair Claim Settlement Practice*. Further, Defendant breached its contract and acted unreasonably by failing to adequately adjust and indemnify Plaintiff's hail damages, omitting covered items which were damaged by hail, and improperly forcing Plaintiff to conclude the claim with a release. Defendant's conduct amounts to a breach of the contract and bad faith.

19. The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

### F. Count III Punitive Damages

20. Plaintiff, Bellwoode LLC, hereby asserts, alleges and incorporates paragraphs 1-19 herein.

21. The unreasonable conduct of the Defendant, Covington Specialty Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which

punitive damages are hereby sought.

## G. Demand for Jury Trial

22.    The Plaintiff, Bellwoode LLC, hereby requests that the matters set forth herein be determined by a jury of its peers.

## H. Prayer

23.    Having properly pled, Plaintiff, Bellwoode LLC, hereby seeks contractual, bad faith and punitive damages against the Defendant, Covington Specialty Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

    Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**